Daniel G. Ruggiero, Esq. (412574)
275 Grove Street, Suite 2-400
Newton, MA 02466
T: (339) 237-0343
F: (339) 707-2808
E: druggieroesq@gmail.com
*Attorney for Plaintiff,*
*Deirdre Miller*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DEIRDRE MILLER<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>Defendant. | **Case No.: 3:20-cv-198**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **TCPA, 47 U.S.C. § 227,**<br>2. **Connecticut Creditor Collection Practices Act, Conn. Gen. Stat. §36a-645** *et. seq.*<br>3. **Invasion of Privacy - Intrusion Upon Seclusion** |

**COMPLAINT FOR DAMAGES**

Plaintiff, Deirdre Miller ("Plaintiff"), through her attorneys, alleges the following against Capital One Bank (USA), N.A., ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or

- 1 -

prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.  Count II of Plaintiff's Complaint is based upon the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 et seq. which states, "Prohibited acts: No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."

3.  Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.  Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

5.  In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

6.  Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

7.  Defendants transact business here; personal jurisdiction is established.

//

## PARTIES

8. Plaintiff is a natural person and a citizen of the state of Connecticut, residing in Middlesex County.

9. Plaintiff is a "consumer debtor" as defined by CCPA § 36a-645a(1).

10. Defendant is a banking corporation engaged in the business of collecting a debt from Plaintiff which qualifies as a "debt" as defined by CCPA § 36a-645(3). Defendant regularly attempts to collect debts and is a "creditor" as defined by § 36a-645(2). Defendant's principal place of business is located in McLean, Virginia. Defendant can be served with process at 1680 Capital One Drive, McLean, Virginia 22102.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around September of 2019, Plaintiff lost her job and was living on a fixed income. The reduced income resulted in her inability to continue making payments on her Capital One Bank (USA), N.A. account ("Account").

13. Upon information and belief, the late payments caused her interest rate to increase and additional late fees were added to her outstanding balance and minimum payment. The increase in the interest rate coupled with the late fees only added to her inability to stay current on the Account.

14. As a result of the missed payments, Defendant began making calls to Plaintiff's cellular telephone ending in (XXX) XXX-8243 in or around September 2019, in an attempt to collect an alleged debt.

15. The calls placed by Defendant mainly originated from the following number: (800) 955-6600.

16. On or about September 27, 2019, at 4:34 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from the following number: (800) 955-6600.

17. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Account.

18. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

19. On or about November 14, 2019, at 9:56 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from the following number: (800) 955-6600.

20. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Account.

21. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

22. Defendant called Plaintiff on her cellular phone between one (1) and two (2) times a day.

23. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

24. Between September 27, 2019 and January 22, 2020, Defendant called Plaintiff no less than eighty (80) times.

25. Upon information and belief, Defendant called Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

26. Defendant's daily calls to Plaintiff's cellular phone was a constant reminder of her financial struggles, exacerbating Plaintiff's stress and anxiety.

27. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

## COUNT I
## Defendant Capital One Bank's Violations of the TCPA, 47 U.S.C. § 227

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in

pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
**Defendant Capital One Bank's Violation of the
Connecticut General Statute § 36a-645 *et seq*.**

31. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

32.  Defendant violated the CCPA 36a-645 et seq. Defendants violations include, but are not limited to, the following:

   a. Defendant violated CCPA § 36a-646, by collecting or attempting to collect a consumer debt using abusive, harassing, fraudulent, deceptive, or misleading representation.

33.  Defendant's acts, as described above, were done willfully and knowingly.

34.  As a result of the foregoing violations of the CCPA § 36a-645 et seq., Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### Defendant Capital One Bank's Violation of Invasion of Privacy
### (Intrusion upon Seclusion)

35.  Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

36.  Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls to collect on an alleged debt despite requests for the calls to cease. In addition to the calls Plaintiff received, Defendant's policy of calling family and/or friends invaded Plaintiff's privacy.

  b. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

  c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debts.

37.  As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Deirdre Miller, respectfully requests judgment be entered against Defendant for the following:

 A. Declaratory judgment that Defendant violated the TCPA and CCPA § 36a-812;

 B. Actual damages pursuant to CCPA § 36a-648(a);

 C. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

 D. Statutory damages of $1,000.00 pursuant to CCPA § 36a-648(a);

 E. Costs and reasonable attorney's fees pursuant to CCPA § 36a-648(a);

 F. Actual and punitive damages resulting from the invasion of privacy;

 G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

 H. Any other relief that this Honorable Court deems appropriate.

//

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Date: February 11, 2020			By: */s/ Daniel G. Ruggiero*
					Daniel G. Ruggiero, Esq. (412574)
					275 Grove Street, Suite 2-400
					Newton, MA 02466
					T: (339) 237-0343
					F: (339) 707-2808
					E: druggieroesq@gmail.com
					*Attorney for Plaintiff,*
					*Deirdre Miller*